### TEXAS COAL AND FUEL COMPANY V. SAMUEL ARENSTEIN.

#### Decided January 27, 1900.

**Assault—Damages—Charge of Court.**

In a civil action of damages against a corporation for an assault committed by its agent upon a woman, where the issue of exemplary damages made by the petition had been abandoned and there was no averment that the person making the assault was an adult male, it was error for the court to give in charge to the jury the definition of the crime of aggravated assault as contained in the Criminal Code, to the effect that an assault becomes aggravated when committed by an adult male upon a female.

APPEAL from Parker. Tried below before Hon. J. W. PATTERSON.

*Martin & Flanary,* for appellant.

*J. M. Richards* and *Haney & McKinsy,* for appellee.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in appellee's favor for $500 as actual damages to Bettie Arenstein, appellee's wife, alleged to have been caused by an assault committed upon her by one Walter Pincham.

The evidence tended to show that appellant was engaged in mining coal at Rock Creek station, in Parker County, Texas, and as part of its business conducted a mercantile establishment under the immediate supervision of one E. P. Fouts, an officer and general manager of appellant company; that Bettie Arenstein attempted to engage in the sale of certain merchan-

dise against what the evidence tended to show was a rule of the company. In the effort to prevent this, the assault complained of was committed by said Pincham, acting under the direction of the said Fouts. Said Pincham was also made party defendant, but the verdict and judgment was in his favor and against appellant.

The court in his charge, after the definition of an assault and battery, gave the further instruction that "an assault or an assault and battery becomes aggravated when committed by an adult male person upon the person of a female," in which we are of opinion that there was error as assigned.

The issue of exemplary damage made by the petition was abandoned, as appears from a special instruction given at appellee's request. Appellee's right of recovery, therefore, was limited to actual damage, and the charge given was at least liable to confuse and mislead the jury. It is true that the charge given embodies the definition of an aggravated assault and battery as given in our criminal code, but every such classification of acts defined as criminal is evidently intended, among other things, to relate to the quantum of punishment to be administered, and in our judgment is inapplicable to a civil action for actual damage. In a civil action for such damages the aggrieved party may recover damages that are the proximate result of the illegal act or acts, if any, regardless of the classification given thereto in the realm of crime, and we think in such case it is error to instruct the jury, in effect, that such act or acts not only give a right of recovery, but also constitute a crime against the penal code of this State.

The evidence in this case is undisputed that Bettie Arenstein was a female, and that Walter Pincham was an adult male, and that he committed an assault and battery upon her. No justification of such assault was attempted, and the effect of the charge was to give additional force to the facts, in that they were told that the assault committed was an aggravated one, the tendency of which would be to enlarge the amount of damage in the event the jury found appellant company liable therefor. If the classification in the criminal law of the acts done could in any event apply to a corporation, or be considered as an element properly to be considered in estimating damages, then it will perhaps be not inappropriate to also say that such element was not alleged in appellee's peitition, there being no averment that Pincham was an adult male.

We find no reversible error in other portions of the charge, or in the admission of testimony as urged in the remaining assignments of error; but for the error indicated, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*